IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY BELTRAN,

        Petitioner,

v.

DEWAYNE HENDRIX,

        Respondent.

Case No. 3:22-cv-00374-SI

OPINION AND ORDER

Anthony Beltran
17584-046
P.O. Box 5000
Sheridan, OR 97378

        Petitioner, *Pro Se*

Natalie K. Wight
United States Attorney
Sarah E. Feldman, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

        Attorneys for Respondent

1 - OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the computation of his federal sentence. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

Petitioner is incarcerated at FCI-Sheridan where he is serving a 160-month sentence imposed by the U.S. District Court for the District of Montana on August 3, 2020. On March 7, 2022, he filed this 28 U.S.C. § 2241 habeas corpus case alleging that the Bureau of Prisons ("BOP") miscalculated his recidivism risk, rendering him ineligible for benefits associated with earned time credits under the First Step Act ("FSA"). He also claims that the BOP refuses to award him pre-trial detention credits to which he is entitled. In his Petition, he affirmatively represents that he did not exhaust the administrative remedies available to him at FCI-Sheridan because "established Ninth Circuit case law says I don't have to exhaust any remedies." Petition (#1), p. 3.

On June 21, 2022, the Court issued an Order to Show Cause (#7) in which it advised Petitioner that, contrary to his conclusory assertion that he need not exhaust his administrative remedies, exhaustion is generally a prerequisite to filing a 28 U.S.C. § 2241 habeas corpus case. It therefore advised him that if he wished to proceed with this case, he must show cause why the action should not be dismissed without prejudice for lack of exhaustion. Petitioner timely responded to that Order and advised the Court that staff members have been deliberately blocking him (and other prisoners) from obtaining the necessary forms to access the BOP's

administrative remedy system. As a result of these allegations, on July 25, 2022, the Court allowed the case to proceed and issued a Scheduling Order.

On September 15, 2022, Respondent filed his Response (#13) in which he asks the Court to deny relief on the Petition because: (1) Petitioner failed to exhaust his administrative remedies; and (2) the claims in the Petition lack merit. Although Petitioner's response was due November 15, 2022, he has not filed such a brief or otherwise communicated with the Court since filing his Response (#8) to the show cause Order on July 15, 2022.[1]

## DISCUSSION

### I.      Administrative Exhaustion

Although Respondent asks the Court to dismiss this action for lack of exhaustion, he has not attempted to refute Petitioner's contention, contained within his Response (#8) to the Court's Order to Show Cause (#7), that BOP staff members prevented him from availing himself of the administrative remedy system at FCI-Sheridan. Instead, Respondent simply asserts that "Petitioner has not claimed that exhausting administrative remedies would be ineffective or futile." Response (#13), p. 6. Taking as true Petitioner's uncontroverted allegations that the administrative remedies at FCI-Sheridan are not available to him, the Court finds that it is not appropriate to require exhaustion under the facts of this particular case. *See Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2010) (per curiam) (requiring habeas petitioners in the § 2241 context to exhaust "available" administrative remedies). The Court therefore excuses exhaustion and proceeds directly to the merits of Petitioner's claims.

---

[1] Where Petitioner fails to develop any of his claims with briefing or otherwise address Respondent's arguments as to why relief on the Petition should be denied, he has not carried his burden of proof in this case. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (Petitioner bears the burden of proving his claims). The Court nevertheless evaluates the Petition on the record before it.

3 - OPINION AND ORDER

## II.     The Merits

The FSA, which Congress enacted on December 21, 2018, incentivizes prisoners to complete evidence-based recidivism reduction programs in exchange for awards, including earned time credits prisoners can utilize to accelerate their release from prison. As part of that process, the FSA required the BOP to create an assessment system that evaluates the risk and needs of each federal prisoner, determines the recidivism risk for each prisoner, and classifies each prisoner as either minimum, low, medium, or high risk of recidivism. 18 U.S.C. §§ 3631, 3632(a). In order to satisfy that requirement, the BOP developed its Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") scoring system. Prisoners who are designated as either minimum or low risk of recidivism are eligible for earned time credits provided that they complete eligible recidivism reduction programs. 18 U.S.C. §§ 3632(d)(4)(A), 3632(d)(5); CFR § 523.542. Prisoners deemed to pose medium or high risks of recidivism are still permitted to accrue earned time credits, but are excluded from utilizing those credits to accelerate their release from prison until they achieve a low or minimum PATTERN score. 18 U.S.C. §§ 3624(g), 3632(d)(5); CFR 523.544.

Petitioner first alleges that the BOP miscalculated his PATTERN score, and that the resulting classification precludes him from benefitting from the earned time credit system.[2] Due process protections do not extend to "prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *see also*

---

[2] Petitioner does not identify his PATTERN classification in his Petition and, as noted above, has not filed any briefing that might clarify that issue. However, given his allegation that he is currently ineligible to benefit from the earned time credit system, his PATTERN classification is presumably "medium" or "high."

*Reeb v. Thomas,* 636 F.3d 1224, 1227 (9th Cir. 2011) (individual determinations pertaining to eligibility for early release are not judicially reviewable). Petitioner therefore cannot prevail on his claim that the BOP denied him earned time credits under the FSA due to its miscalculation of his PATTERN score. For the same reasons, Petitioner's challenge to the PATTERN classification program on the basis that it gives some prisoners more favorable status than others also fails.

Petitioner also alleges that the BOP refused to award him with credit for 478 days toward the service of his sentence for time he spent in detention prior to his conviction in the District of Montana. The Pre-Sentence Investigation Report and the Judgment from Petitioner's criminal case do not reflect that the District of Montana awarded him any such credit. *See* Declaration of Benjamin Brieschke (#14) ¶ 11. Where these documents do not reflect the credit Petitioner seeks, and where he has not produced any documentary support for this allegation, he is not entitled to habeas corpus relief.

## CONCLUSION

The Petition for Writ of Habeas Corpus (#1) is denied.

IT IS SO ORDERED.

_December 6, 2022_  
DATE

_[signature]_  
Michael H. Simon  
United States District Judge

5 - OPINION AND ORDER